Daniels, J.
The judgment adjudges a general assignment made by the defendant Jacob Kapp to the defendant Dyett, to be fraudulent and void against the plaintiffs as judgment creditors of Kapp. Their judgments were recovered after the execution and delivery of the assignment, and executions issued against property were returned unsatisfied.
The court, at the trial, determined the assignment to be fraudulent on the disposition which was made of appeals from orders denying motions to vacate attachments issued in favor of the plaintiffs. This decision was made upon affidavits which were deemed to establish the fact that the *70 debtor had disposed of property with intent to defraud his creditors. But it does not necessarily follow from that decision that a judgment should be rendered setting aside the assignment as fraudulent, for upon the trial the -facts are to be obtained from the evidence of the witnesses which may, and often does, vary in important respects from the force and effect attributable to ex parte affidavits.
And that there was a substantial difference between the .affidavits and the effect of the evidence taken upon this trial, is disclosed by an examination of this evidence. Upon the affidavits it did not appear that the debtor had become as a matter of fact indebted to his wife for moneys advanced to him on her account by her mother in the year 1874. And as the transaction between himself and his wife had remained unchanged for a period of ten years, it was considered that the $2,000 drawn by the debtor from his business and paid over to her, the day before the assignment was made, was a fraudulent disposition of his property. And as transactions between the insolvent husband and his wife must be closely watched and scrutinized to protect and preserve the rights of creditors, the conclusion which was then drawn, was sustained by the affidavits.
But upon the trial both the husband and the wife were examined as witnesses, and by their testimony which was not contradicted, it was made to appear that the money was in fact advanced to the husband as a loan on account of his wife, and that an actual indebtedness was created which, he was from time to time requested to pay, but did not do so on account of his financial circumstances not permitting that to do be done. This evidence was sufficient to repel the presumption supported by the affidavits, and to sustain the act of the husband in paying this sum of $2,000 to his wife, as that was done on a legally existing indebtedness. And that the money had been in fact so paid quite satisfactorily appeared by the evidence on the trial. A residue of the indebtedness still remained unpaid and that was preferred by the assignment as it lawfully might be under these circumstances.
It was, however, found by the court that a preference amounting to the sum of $589.80 in favor of the debtor’s son Oscar was made, notwithstanding the statement of the debtor that his children worked for him without pay. This finding is not expressed very clearly, but it seems to have been intended by it to find the fact that this preference was unlawful for the reason that the debtor’s children worked for him without compensation. The preference itself proceeds upon the statement that the debtor was owing his son $313.15 for money loaned, and $276.65 for services. And this might be sufficient to sustain the judgment, if in fact *71 no such indebtedness existed in favor of Oscar against his father But the trial proceeded upon the concession of the plaintiff’s counsel that there was no dispute in the case except as to the $2,000 paid to the debtor’s wife and the auction sales, and the representations made when the debts for goods were contracted. This concession dispensed with the production of evidence to prove the existence of the indebtedness of the debtor to his son.
It could very well have the effect, as it probably did, of creating the conviction that such proof would not be required to sustain the correctness of this preference. And no such evidence was given on the trial of the action beyond the general statement of the debtor that he was in debt to his son for the amount in which he was preferred in the assignment.- Beyond that the justness of this preference was not made the subject of trial, and the failure to make it so was warranted by this concession of the plaintiff’s counsel. After that the court was not at liberty to find the fact to be that this was an unlawful preference. It may be that such was its character, but if it was, it cannot be so determined upon the evidence contained in this case. And as this finding in reality is the important one upon which the judgment depends, as the indebtedness to the debtor’s wife was established, the judgment under the circumstances was not authorized by it.
Heither was it by the auction sales, which the debtor made prior to the time of the execution of the assignment, for after deducting the losses incident to those sales it appeared from the books that the proceeds had been all accounted for.
The case of Clark v. Taylor (37 Hun, 312), has been relied upon as sustaining the theory that the assignment could very well be avoided as fraudulent because of the misrepresentation made by the debtor to his creditors in purchasing goods from them. But there was no connection whatever between these misrepresentations and the making of the assignment, as the fact appeared to be, in that case._ There the promise relied upon, by which the debtor obtained an extension of time before judgment could be entered against him, was in effect that the creditors should not in the meantime be prejudiced by án assignment of the debtor’s property. That promise was violated by him in the assignment afterwards made, and it was held by the court that the assignment should on that account be vacated and set aside. In this case no such assurance in any form was given to the creditors. The debtor probably did misrepresent his financial condition, and in that manner may have designed to defraud his creditors out of the price of the goods which they sold him. And if he did they were entitled to *72 redress by a proper action against him founded upon his misrepresentations. But the statements which were made by him, assuming them to have been as they were related by the witnesses, contained no assurance that he would not afterwards assign his property for the benefit of' his creditors. No such assignment was alluded to, and it was not a breach of faith between himself and his creditors that he should afterwards make it as he did. The transactions were disconnected throughout, and the representations consequently formed no legal ground for interfering with the assignment.
As the case appeared at the trial it depended upon the legality of the preference in favor of the debtor’s son Oscar, and that preference the plaintiffs were not at liberty to assail after the concession made by them in the course of the examination of one of the defendants’ witnesses. It may be that upon another trial this preference will be proven to be without foundation, and if that shall be the fact it may invalidate the assignment. But until such proof shall be given in the case, or some other, establishing other fraud on the part of the judgment debtor, the action cannot be sustained.
The judgment'should be reversed and a new trial ordered, with costs to appellants to abide the event.
Van Brunt, Oh. J., and Brady, J., concur